ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| NICOLAS SGOUROS<br><br>Recurrido<br><br>v.<br><br>FÉLIX ORLANDO GONZÁLEZ FIGUEROA Y OTROS<br><br>Peticionario | KLCE202300321 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Caso Número: CE2022CV00070<br><br>Sobre:<br><br>Cobro de dinero – Ordinario y Otros |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Rivera Marchand y la Jueza Aldebol Mora

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparece ante esta Curia, Félix Orlando González Figueroa, (peticionario). Solicita que revoquemos la *Resolución[1]* del Tribunal de Primera Instancia (TPI o foro primario) emitida y notificada el 21 y 24 de enero de 2023, respectivamente. En ella, el foro primario denegó la solicitud de desestimación instada por el peticionario.

Por los fundamentos que expresamos a continuación, denegamos la expedición del auto de *certiorari*. Veamos.

**I.**

El 14 de julio de 2022, Nicolás Sgouros (Sr. Sgouros o recurrido) instó una *Demanda[2]* sobre cobro de dinero y ejecución de hipoteca en contra del peticionario, de Rodorca María Astacio González y de la hoy extinta sociedad de gananciales por ellos compuesta, entre otros demandados desconocidos (demandados). Según el Sr. Sgouros, los demandados le adeudan $18,862.02, por lo cual, solicitó la ejecución de la hipoteca que garantiza el pagaré.

---

[1] Apéndice, págs. 1-3.
[2] Apéndice, págs. 20-29.

Número Identificador:

RES2023_____

Cabe indicar que, el *Pagaré Hipotecario*[3] y la *Escritura de Garantía Hipotecaria*[4] que obran en el expediente constan firmadas por Félix González De Jesús, en representación de los demandados. Lo anterior, debido a que, los demandados estaban fuera de Puerto Rico a la fecha de su otorgamiento el 5 de noviembre de 2001 y, por virtud de un *Poder General*, el Sr. González De Jesús compareció como apoderado.

En lo pertinente, y toda vez que la última dirección conocida de los demandados era 369 Hylan Boulevard Staten Island New York 10305, el Sr. Sgouros solicitó autorización para emplazar a los demandados por edicto.[5] En respuesta, el foro primario emitió una *Orden*[6] mediante la cual autorizó que los demandados fuesen emplazados por edicto. Cónsono con lo anterior, el Sr. Sgouros acreditó haber publicado el emplazamiento por edicto a favor de los demandados el 22 de julio de 2022, en el periódico *The San Juan Star*.[7] Además, solicitó la anotación de rebeldía de los demandados y desistió con respecto a los codemandados de nombre desconocido.[8] En respuesta, el foro primario dictó una *Sentencia Parcial*[9] en la cual desestimó la causa de acción en contra de los codemandados de nombre desconocido.

Luego de varios incidentes procesales, el Sr. González Figueroa instó un petitorio de desestimación[10] en el cual argumentó que el emplazamiento fue deficiente y contrario a las Reglas de Procedimiento Civil, 32 LPRA Ap. V. Arguyó que es un hecho falso que la última dirección conocida de los demandados es 369 Hylan Boulevard Staten Island New York 10305. Alegó que el acreedor hipotecario tiene conocimiento de que el Sr. González Figueroa

---

[3] Apéndice, pág. 23.
[4] Apéndice, págs. 24-29.
[5] Apéndice, pág. 30.
[6] Apéndice, págs. 31-32.
[7] Apéndice, págs. 33-34.
[8] Apéndice, págs. 33-34.
[9] Apéndice, pág. 35.
[10] Apéndice, págs. 42-47.

reside en el Municipio de Ceiba desde hace aproximadamente veinte (20) años, y que posee una licencia de conducir y una tarjeta electoral de Puerto Rico. Detalló que, el Sr. Sgouros no acompañó su solicitud de emplazamiento por edicto con una declaración jurada sobre emplazamiento negativo ni acreditó los esfuerzos dirigidos a emplazarlo personalmente.

En cumplimiento con el requerimiento del TPI, el representante legal del Sr. Sgouros compareció y expuso estar en conversaciones transaccionales con el abogado del Sr. González Figueroa.[11] Añadió que el abogado del Sr. González Figueroa le comunicó que ya no existe una sociedad legal de gananciales entre él y la Sra. Astacio González, a quien aseguró que no representa. El abogado del Sr. Sgouros informó lo siguiente sobre la Sra. Astacio González:

    a. Que ella reside en la dirección residencial que expresamos como su última dirección conocida en la demanda incoada. Específicamente en 369 Hylan Boulevard Staten Island New York 10305.

    b. Que en esa misma dirección había recibido copia de la demanda incoada.

    c. Que ella personalmente, en compañía de un familiar, dejó copia de la demanda al codemandado Félix Orlando González Figueroa en el buzón de la casa de su padre.

    d. Que a ella le constaba que Félix Orlando González Figueroa conocía de la demanda.

    e. Que Félix Orlando González Figueroa vivió en esa residencia por aproximadamente 30 años, todo el tiempo que el matrimonio duró.

    f. Que ella reconocía la deuda que se alega en la demanda y que ella le había expresado a su exesposo que pagaran la deuda para no perder el terreno y poder dejárselo a su hijo.

    g. Que Félix Orlando González Figueroa conocía que esa cantidad se adeudaba.

    h. Que aceptaba una oferta transaccional donde se desestimaba la causa de acción en su contra a cambio de la firma de la estructura cediendo la propiedad que garantizaba la deuda.

En respuesta, el Sr. González Figueroa se reiteró en su petitorio de desestimación y solicitó la descalificación del abogado de la otra parte.[12] Junto a su petitorio anejó una copia de la sentencia de divorcio de los peticionarios fechada el 28 de agosto de

---

[11] Apéndice, págs. 55-64.
[12] Apéndice, págs. 65-72.

2014 y una copia de su tarjeta electoral expedida el 28 de agosto de 2013.[13]

Por su parte, el Sr. Sgouros se opuso y aseguró que, al incoar la demanda de epígrafe, no tenía conocimiento de que los peticionarios se habían divorciado ni de que el Sr. González Figueroa se había mudado de su residencia en Nueva York. Sin embargo, expresó que, el Sr. González Figueroa no negó haber advenido en conocimiento del pleito incoado en su contra a través de la Sra. Astacio González.

Evaluado lo anterior, el TPI dictó la *Resolución* impugnada mediante la cual denegó las solicitudes de desestimación y de descalificación que presentó el Sr. González Figueroa. Además le concedió un término a dicha parte para contestar la demanda, so pena de anotarle la rebeldía. Fundamentó su denegatoria a la desestimación en que, según se desprende de la demanda presentada, así como lo establecido en la Regla 4.6 de las Reglas de Procedimiento Civil,[14] 32 LPRA Ap. V, R. 4.6, y lo resuelto en *Rivera v. Jaume,* 157 DPR 562 (2002) no requieren que la parte demandante acredite -mediante declaración jurada- las gestiones realizadas para localizar a la parte demandada en circunstancias como las que nos ocupan. Entiéndase, al presentar la demanda de epígrafe, el Sr. Sgouros notificó que la última dirección conocida de

---

[13] Apéndice, págs. 73-75.

[14] En lo pertinente, el inciso (a) de la Regla 4.6 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, dispone:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, **o de la demanda presentada,** que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

los peticionarios era 369 Hylan Boulevard Staten Island New York 10305.

En su dictamen, el TPI hizo constar que, según la demanda presentada por virtud de la citada Regla 4.6 y de lo resuelto en *Rivera v. Jaume,* supra, el deber del Sr. Sgouros era remitir por correo certificado con acuse de recibo copia de la demanda, de la orden para emplazar por edicto y del propio edicto, a la última residencia conocida de la parte demandada, lo cual hizo. Lo anterior, sin necesidad de comprobar las diligencias o esfuerzos realizados para citar a los demandados personalmente. A esos efectos, el foro primario citó al Tribunal Supremo quien estableció que:

> […] cuando el demandado se encuentra fuera de Puerto Rico, y al demandante le consta el lugar específico donde éste se encuentra y así lo informa al tribunal, no se requiere la comprobación de diligencias vigorosas y honesto esfuerzo para citarle personalmente, y es compulsorio el envío por correo certificado con acuse de recibo de la copia de la demanda, la orden para emplazar mediante edictos y el edicto mismo. (Nota omitida.) *Rivera v. Jaume,* supra, a la pág. 576.

El TPI consideró además que, tanto el correo certificado como la *Sentencia Parcial* fueron remitidos a la mencionada dirección en el estado de Nueva York y que ninguno fue devuelto por el correo postal, por lo cual se encontraba debidamente notificado. A lo anterior se añade que, el Sr. González Figueroa acreditó haberse enterado del pleito en su contra por conducto de la referida *Sentencia Parcial*, lo que confirma su recibo a la última dirección conocida. Por último, el TPI hizo constar que, el Sr. González Figueroa no ha expresado cuál es su presunta dirección residencial. Sobre tales fundamentos se negó a desestimar.

En desacuerdo, el 7 de febrero de 2023, el Sr. González Figueroa presentó un petitorio de reconsideración ante el foro primario, acompañado de una declaración jurada suscrita ante la Secretaría del Tribunal de Primera Instancia, Sala Superior de Humacao. Surge de la misma que, el Sr. González Figueroa entregó

como medio de identificación una licencia de conducir número 34198234 del estado de Texas de los Estados Unidos.

Tras el TPI denegar su petitorio de reconsideración y aún inconforme, el Sr. González Figueroa presentó ante esta Curia el recurso de epígrafe en el cual impugnó la determinación del foro primario de asumir jurisdicción sobre él, sin previo diligenciamiento de un emplazamiento personal y en ausencia de una declaración jurada sobre las gestiones realizadas para emplazarlo personalmente. En apoyo a su argumento citó a *Sánchez Ruiz v. Higueras Pérez et al.*, 203 DPR 982 (2020).[15]

El 30 de marzo de 2023 notificamos una *Resolución* concediéndole un término al recurrido para mostrar causa por la cual no debiéramos expedir el auto de *certiorari*. Ha transcurrido mayor término al otorgado sin que el Sr. Sgouros haya acreditado cumplimiento por lo que, según advertido, resolvemos sin el beneficio de su comparecencia.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023. Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari*. *JMG Investment, Inc. v. ELA et al.*, 203 DPR 708, 718 (2019). A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de

---

[15] Cabe señalar que, en *Sánchez Ruiz v. Higueras Pérez et al*, supra, distinto al caso ante nuestra consideración, la parte demandante desconocía una dirección exacta en donde localizar a la parte demandada. Ante tales circunstancias, el Tribunal Supremo decretó que, hace falta una declaración jurada que acredite las diligencias efectuadas dirigidas a localizar a la parte demandada.

expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1*,* limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada la Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La citada Regla dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020).

**III.**

En el presente caso, el peticionario solicita que ejerzamos nuestra función discrecional para dejar sin efecto el dictamen interlocutorio mediante el cual el foro primario denegó su petitorio de desestimación. Ante ello, nos corresponde resolver, en esta etapa de los procedimientos, si el TPI actuó arbitrariamente o en exceso de su discreción al negarse a desestimar, al amparo de la Regla 10.2(4), 32 LPRA Ap. V, R. 10.2. Solo así, habremos de expedir el auto de *certiorari* presentado por el Sr. González Figueroa, en aras de intervenir con dicho dictamen.

Puntualizamos que, los estándares de revisión antes esbozados establecen los parámetros para los tribunales apelativos revisar decisiones del foro primario.

Luego de un examen sosegado del recurso ante nos, al amparo de los criterios establecidos para que esta Curia expida un auto de *certiorari* bajo la Regla 40 de nuestro Reglamento, *supra,* no hallamos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o haya cometido algún error de Derecho. De nuestra evaluación sosegada concluimos que, el peticionario no nos ha puesto en posición para determinar lo contrario.

En virtud de lo anterior, resolvemos no intervenir con el dictamen recurrido en esta etapa de los procedimientos en cuanto a la denegatoria de la desestimación que presentó el Sr. González Figueroa. Por consiguiente, no procede la expedición del auto de *certiorari,* según presentado.

**IV.**

Por todo lo anterior, denegamos la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones